**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7401

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS MERRIMON WATERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.    Lacy H. Thornburg,
District Judge.   (1:01-cr-00048-10; 1:04-cv-00051)

Submitted:  October 31, 2006          Decided:  January 11, 2007

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dennis Merrimon Waters, Appellant Pro Se.   Amy Elizabeth Ray,
OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Waters seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. Parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal when the United States is a party, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dept of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 362 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 29, 2005. Waters filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e), which was denied by the district court on August 23, 2005. The notice of appeal as to the order of July 29, 2005,[1] dated July 31, 2006, was thus filed over nine months late.[2] Because Waters failed to file a timely notice

---

[1]For the purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison official for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

[2]If, as here, a party timely files a motion to reconsider under Rule 59(e), the time to appeal runs from the district court's entry of an order disposing of that motion. See Fed. R. App. P. 4(a)(4)(A). The tolling of the sixty day period during the pendency of a Rule 59(e) motion does not include any subsequent period for appeal of the denial of the Rule 59(e) motion. Thus, although Waters timely appealed from the August 23, 2005 order denying his Rule 59(e) motion, and his notice of appeal as to the underlying

of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

district court judgment of July 29, 2005, was filed within 60 days of this court's disposition of his appeal from the district court's denial of his Rule 59(e) motion, the pendency of Waters's first appeal did not toll his responsibility to note an appeal from the July 29, 2005 judgment within 60 days of the lower court's resolution of his Rule 59(e) motion on August 23, 2005.